Mr. Chief Justice ShaRkey
delivered, the opinion of the court.
A motion was made in the circuit court of Madison county, against Demoss, who was Sheriff of Hinds county, and his sureties in his official bond, for failing to return a ft. fa. and to reverse the judgment rendered on the motion this writ of error is brought. A motion is now made to dismiss the writ of error, which is submitted for the consideration of the court, and also the merits of the case. ■ ,
The writ of, error is said tó be defective, because it bears teste in the name- of the circuit judge. This is undoubtedly an irregularity^ but it is a mere clerical inaccuracy, which may be amended by a late rule of this court, and leave is accordingly given to amend it by substituting a new writ:
The citation is also said to be defective. It is an alias citation which issued from this court on the return of the’writ of error. The objection taken to it is that it does not truly recite the . judgment, but we think it sufficient. It is directed to James W. Camp or to Garrett & Mitchell, his attorneys of record. The judgment *517 described is against Demoss et al By directing it to Camp, or the attornies of record, he was sufficiently advised that it was a judgment in his favor which was sought to be reversed, and he wás also advised that William C. Demoss and others were defendants in that judgment. This was reasonable, certainly, and for all purposes of utility the citation was sufficient. So much for the motion to dismiss.
On the merits of the case, it will be sufficient to notice one point. The motion was against W. C.. Demoss, as sheriff, and his securities, without naming them. Notice was served on Demoss only, an'd the court thereupon rendered judgment against Demoss and the other plaintiffs in error as. his sureties. The objection to this judgment is, that the parties had no notice; but it is said that notice was not necessary, as the section of the statute under which the motion was made, does not require that notice should be given. It is true that the statute is silent on the subject, but something more than mere silence is requisite to dispense with notice. Nothing short of a positive enactment could do so, and it may be even questioned whether in that way it could be done. Whenever a statute gives a right of action, it impliedly gives the means of enforcing it, and it also impliedly requires that the regular steps of the law should be pursued in the prosecution of that action. For instance, suppose that a statute should give the right to bring an action of debt, without giving the necessary or usual process to bring the party into court; undoubtedly it would not be contended that the capias ad respondendum was thereby dispensed with. So when the law gives a right to recover by motion, it impliedly requires that the party to be charged shall have notice of the motion. It is an axiom in law, that no party shall be condemned who has not had his day in court. Courts of justice must have parties and a subject matter to act upon. The jurisdiction does not attach until the defendant is in court, or until the legal means be taken to bring him in. When this statute gave the right to recover by motion, it followed as a consequence that the parties must be brought into court by notice, which is the usual process in summary proceedings. There are two other sections in the same statute, giving the right to recover by motion, which require notices to be given, but it does not follow that for that *518 reason it was unnecessary in this case. A different interpretation might be urged. The preceding sections having provided that notice should be given, might be called in aid of the latter, to show that notice was intended in all cases of motion. The case, however, requires no resort of this sort. In giving the motion, the incidents and rights of the defendant necessarily followed. Walker’s Rep. 254.
It is also contended in this case that the plaintiffs in error were entitled to a trial by jury. If the parties had appeared and contested the right to recover, this question might have arisen, but as they were not in court, not strictly parties to the proceeding, we do not think this question fairly presented. Several other objections were made to the form and sufficiency of the notice served on Demoss. These of course need not be noticed, since the other parties were not notified at all, and the judgment against them was erroneous. . The judgment is against all the defendants, and cannot be severed. It must therefore be reversed, and the cause remanded. '